IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DALE YOUNG, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-3986 |
| DITECH FINANCIAL, LLC, *et al.*, | * | |
| Defendants. | * | |

******

## MEMORANDUM OPINION

Pending before the Court are motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants Ditech Financial LLC ("Ditech"), ECF No. 12, BWW Law Group, LLC ("BWW"), ECF No. 20, Ocwen Loan Servicing, LLC ("Ocwen"), ECF No. 27, and U.S. Bank, National Association ("US Bank"), Mark Runkel and P.W. Parker, ECF No. 29. The issues are fully briefed, and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, the Defendants' motions are granted pursuant to Rule 12(b)(6).

### I. BACKGROUND

**A. Factual and Procedural History[1]**

On July 27, 2007, Plaintiff Dale Young executed an Adjustable Rate Note in the amount of $216,000.00 to Homecomings Financial, LLC, fka Homecomings Financial Network, Inc. ("Homecomings"). ECF No. 27-2. The Note includes a special indorsement from Homecomings to Residential Funding Company, LLC; an allonge containing a special indorsement from Residential Funding Company, LLC to GMAC Mortgage, LLC; and a blank indorsement from

---

[1] The following facts are taken from the Plaintiff's complaint, attachments to the complaint, and public records attached to the Defendants' motion to dismiss.

1

GMAC Mortgage, LLC making the Note payable to the bearer. *See* ECF No. 27-2 at 5–6. Plaintiff alleges that during the foreclosure action, Ditech held the Note. *See* Affidavit of Dale Young, ECF No. 1-6 at 10 ("They have breeched [sic] the Deed of Trust agreement for the ALLEGED DITECH FINANCIAL, LLC ACCOUNT # 3738762 . . . They have no legal standing to further collect on the [Ditech Account], and all collection activity will cease with no further payments collectable or due on the [Ditech Account] . . .[they] forever waive any right to collect, sell or transfer the alleged debt regarding the [Ditech Account] through or by any judicial or non-judicial means.").

The Note was secured by a Deed of Trust for a property located at 1314 Dillon Court, Capitol Heights, Maryland 20743 ("the Property"). ECF No. 29-4 at 1. The Deed of Trust was also executed on July 27, 2007 by Plaintiff to Homecomings and was recorded among the Land Records of Prince George's County, Maryland. ECF No. 29-4. The Deed of Trust, signed by Plaintiff, named Mortgage Electronic Registration Systems, Inc. ("MERS") the beneficiary under the security interest as the nominee for Homecomings, its successors, and assigns. ECF No. 29-4. On December 10, 2014, MERS executed and recorded an Assignment of Deed of Trust in the Land Records of Prince George's County, Maryland, which granted all beneficial interest under the Deed of Trust to Defendant Ocwen. *See* ECF No. 1-2.

On September 9, 2015, Defendant BWW was recorded as the substitute trustees for the Deed of Trust, *see* ECF No. 29-1, and they initiated a foreclosure action in the Circuit Court of Prince George's County, Maryland. *Ward v. Young*, Case No. CAEF15-25198, (the "State Foreclosure Action"); *see also* Maryland Judiciary Case Search, ECF No. 27-7.[2] On January 11, 2016, Plaintiff filed a Motion to Dismiss the State Foreclosure Action in circuit court. *See* ECF

---

[2] For clarity, docket entries in the State Foreclosure Action will be identified by docket number ("Dkt. No.").

No. 29-1 at 1–5, 25–31. The substitute trustees, BWW, filed a Report of Sale on February 16, 2016. ECF No. 27-7. On March 1, 2016, the circuit court denied Plaintiff's Motion to Dismiss. ECF No. 29-2.

On September 21, 2016, following the circuit court's denial of his motion and while the sale of the property was pending ratification, Plaintiff sent correspondence to his new loan servicer, Specialized Loan Servicing LLC. *See* Letter from Loan Servicer, ECF No. 1-3 at 2. In its October 7, 2016 response, Specialized Loan Servicing LLC notified Plaintiff that US Bank was the current noteholder "as Indenture Trustee of the GMACM Home Equity Loan Trust 2006-HE4." Letter from Loan Servicer, ECF No. 1-3 at 2; *see also* Complaint, ECF No. 1 at 21–22.

On December 12, 2016, the circuit court entered an Order ratifying the sale of the Property. ECF No. 29-3. Two days later, on December 14, 2016, Plaintiff filed the instant Complaint in this Court. *See* Complaint, ECF No. 1. On January 9, 2017, after Plaintiff filed his federal Complaint, he appealed the state court order ratifying the foreclosure sale. *See* State Foreclosure Action, Dkt. No. 21. On March 31, 2017, the Court of Special Appeals dismissed Plaintiff's appeal, *id.* at Dkt. No. 30, and on May 12, 2017, dismissed his Petition to Vacate the Order Dismissing the Appeal, *id.* at Dkt. No. 32.

### B. Plaintiff's Claims in the Instant Action

Liberally construed, Plaintiff asserts four primary factual allegations in his Complaint. First, Plaintiff avers that Defendants are barred from foreclosing on the Property because the securitization of Plaintiff's loan resulted in the mortgage being paid off via an unknown mortgage insurer, thereby wholly satisfying the debt to Defendants. *See* Complaint, ECF No. 1 at 4, 14–15. Second, Plaintiff alleges that because the Note and Deed of Trust were separated when

3

the Note was sold into a loan pool, the chain of title was broken. *See id.* at 4, 7. Third, Plaintiff claims that the Deed of Trust could not be assigned while GMAC—a prior holder of the Note—was in bankruptcy. *See id.* at 3. Finally, Plaintiff contends that Defendants lacked standing to foreclose because the Assignment of Deed of Trust was forged and false. *See id.* at 13.

Based on these allegations, Plaintiff asserts causes of action against all Defendants for: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) fraud; (3) unjust enrichment; (4) insurance fraud; (5) breach of contract; (6) bad faith; (7) violation of the Fair Debt Collection Practices Act ("FDCPA"); and (8) negligent misrepresentation. *See* Complaint, ECF No. 1. Additionally, Plaintiff's Complaint "seek[s] an emergency Temporary Restraining Order to take effect immediately," ECF No. 1 at 52, a declaration that the Note is "null, void, [and] legally unenforceable," *id.* at 55, and "an order halting the foreclosure of all real estate in the United States of America by any of the Defendants . . . which includes injunctions on any post-foreclosure activities," *id.* at 52.

## II.   ANALYSIS

### A. Lack of Subject Matter Jurisdiction

Defendants argue that Plaintiff's Complaint lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine,[3] or alternatively, the *Younger* abstention doctrine. Plaintiff bears the burden of proving the existence of subject matter jurisdiction. *See Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When a defendant argues lack of subject matter jurisdiction, the allegations in the complaint are assumed to be true under the same standard as in a Rule 12(b)(6) motion, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

---

[3] So named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Kerns*, 585 F.3d at 192. The court should grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

### 1. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This doctrine is based on the fundamental principle that only the United States Supreme Court maintains the power to review an appeal of a state court judgment. *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) ("[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court."); *see also* 28 U.S.C. § 1257(a).

More recently, "the Supreme Court [has] sought to refocus lower courts that had extended the *Rooker-Feldman* doctrine 'far beyond the contours of the *Rooker* and *Feldman* cases . . . .'" *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231, 237 (4th Cir. 2013)

5

(unpublished opinion) (quoting *Exxon*, 544 U.S. at 283). The Fourth Circuit has since emphasized the contours of the *Rooker-Feldman* doctrine as follows:

> [T]he distinction between preclusion principles and the *Rooker-Feldman* doctrine can sometimes be subtle, but it is nonetheless important to maintain. Preclusion principles are designed to address the tension between two concurrent, independent suits that results when the two suits address the same subject matter, claims, and legal principles. Whereas the *Rooker-Feldman* doctrine, by contrast, assesses only whether the process for appealing a state court judgment to the Supreme Court under 28 U.S.C. § 1257(a) has been sidetracked by an action filed in a district court specifically to review that state court judgment. Thus, if a plaintiff in federal court does not seek review of the state court judgment itself but instead "presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court."

*Thana*, 827 F.3d at 320 (citations omitted).

Here, the *Rooker-Feldman* doctrine does not apply because Plaintiff's appeal in his state case was still pending when Plaintiff filed his Complaint in federal court. *See Thana*, 827 F.3d at 321 (citing *Exxon*, 544 U.S. at 291 (noting that, in both *Rooker* and *Feldman*, the plaintiff "filed suit in federal court *after the state proceedings ended*" (emphasis as applied in *Thana*))). Plaintiff, therefore, is not asking this Court "to exercise appellate jurisdiction over a final judgment from '*the highest court of a State in which a decision could be had*.'" *Id.* (quoting 28 U.S.C. § 1257(a) (emphasis added)). Given that the state court litigation was still "on track for potential review by the U.S. Supreme Court," deciding this case would not "bypass the Supreme Court's appellate jurisdiction under 28 U.S.C. § 1257(a) over any relevant state court judgment." *Id.* at 322. Put differently, Plaintiff's suit in this Court does not implicate the purpose behind the *Rooker-Feldman* doctrine—to prevent litigants from frustrating the Supreme Court's jurisdiction. *Cf. Butterworth v. Black*, No. PWG-15-1721, 2016 WL 4662344, at *5 (D. Md.

Sept. 6, 2016) (citing *Thana*, 827 F.3d at 320) (finding *Rooker-Feldman* doctrine inapplicable with pending appeal in Maryland Court of Special Appeals); *Williams v. 21st Mortg. Corp.*, No. PX 16-1210, 2017 WL 1133706 (D. Md. Mar. 27, 2017) (same). Accordingly, this Court cannot dismiss the Complaint pursuant to the *Rooker-Feldman* doctrine.

### 2. *Younger* Abstention

Defendant Ditech also argues that "the Court should decline to exercise jurisdiction under the *Younger* [*v. Harris*, 401 U.S. 37 (1971)] abstention doctrine because there is an ongoing foreclosure action in the Circuit Court for Prince George's County that was filed prior to this action on September 9, 2015." Def. Ditech's Mem., ECF No. 12-1 at 33. The *Younger* abstention doctrine applies as a narrow exception to the "unflagging obligation" of federal courts to hear a case, *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013), when there is a parallel pending state civil proceeding akin to criminal prosecution, *see Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603–05 (1975), or the proceedings implicate a state's interest in enforcing the orders and judgments of its courts, *see Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987).

Although Plaintiff filed his federal Complaint before his state court appeal was adjudicated, his state court appeal has since been dismissed. *See* State Foreclosure Action, Dkt. No. 30. Accordingly, there is no "ongoing state judicial proceeding" from which the Court may abstain. *See Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). Further, *Younger* does not extend to Plaintiff's causes of action for damages, which may be stayed but not dismissed on abstention grounds. *See Lindsay v. Rushmore Loan Mgmt., Servs., LLC*, No. PWG-15-1031, 2017 WL 167832, at *1, 4 (D. Md. Jan. 17, 2017) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996)); *cf. Traverso v. Penn*, 874 F.2d 209, 213 (4th Cir. 1989) (where the plaintiff sought monetary, injunctive, and declaratory relief, the Fourth Circuit concluded that

"the appropriate course [was] to abstain by staying proceedings on monetary as well as injunctive and declaratory claims."). Accordingly, a stay or dismissal is not warranted.

### B. Failure to State a Claim

Although neither of Defendants' jurisdictional arguments supports dismissal, Defendants alternatively argue Plaintiff's claims are barred under the doctrine of *res judicata* and dismissal is warranted under Rule 12(b)(6) for failure to state a claim. *See* ECF No. 12-1 at 16; ECF No. 27-1 at 17. The Court agrees.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

*Res judicata* and estoppel are affirmative defenses which usually do not offer resolution at the motion-to-dismiss stage. *See* Fed. R. Civ. P. 8(c)(1); *see also Georgia Pac. Consumer Prod., LP v. Von Drehle Corp.*, 710 F.3d 527, 533 (4th Cir. 2013). However, if "facts sufficient to rule on an affirmative defense are alleged in the complaint" or in documents attached to the complaint, the Court may reach the issue. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

On a motion to dismiss, the Court may take judicial notice of the prior litigation between the parties and consider related documentation. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact."). In addition, a court may consider facts and documents subject to judicial notice without converting the motion under Rule 12(d). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011).

The Court may also "consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see also CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation and emphasis omitted).

Here, the Note, the Deed of Trust, the Substitution of Trustees, the letter from Specialized Loan Servicing, and Assignment of the Deed are referenced in the Complaint and are integral to Plaintiff's claims because they set forth the parties' respective rights to the Property. Accordingly, these documents may be considered without converting the motion into one for summary judgment. "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 167 (4th Cir. 2016) (citation omitted); *accord Fare Deals Ltd. v. World Choice Travel.Com, Inc.*, 180 F. Supp. 2d 678, 683 (D. Md. 2001) ("When the bare allegations of the complaint conflict with any exhibits or other documents, whether attached or adopted by reference, the exhibits or documents prevail.") (citing *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991))).

### 1. *Res Judicata* Bars Claims against Defendants US Bank, Ditech, BWW, and Ocwen

Defendants argue that Plaintiff's claims against US Bank, Ditech, BWW, and Ocwen are barred by *res judicata*. Because the relevant prior proceeding was in a Maryland state court, Maryland law applies to this analysis. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). "*Res judicata* and collateral estoppel are based upon the judicial policy that the losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on issues raised, or that should have been raised." *Grady Mgmt., Inc. v. Epps*, 98 A.3d 457, 472 (Md. Ct. Spec. App. 2014). "Res judicata . . . bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel Co. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008) (citing *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004)). When a federal court litigant asserts *res judicata* based on a state court judgment, "[the]

federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra*, 465 U.S. at 81. Under Maryland law, *res judicata*, or claim preclusion, "applies when (1) the present parties are the same or in privity with the parties to the earlier dispute, (2) the claim presented is identical to the one determined in the prior adjudication, and (3) there has been a final judgment on the merits." *Capel v. Countrywide Home Loans, Inc.*, No. WDQ-09-2374, 2010 WL 457534, at *3 (D. Md. Feb. 3, 2010) (citing *Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (Md. 2005)).

Regarding the first prong, it is undisputed that Plaintiff brings suit against U.S. Bank, Ditech, BWW, and Ocwen—the same parties as in the state action or ones in privity with the state-action parties. *See Prudencio v. Capital One, N.A.*, No. PWG-16-2693, 2016 WL 6947016, at *2 (D. Md. Nov. 28, 2016) (citing *Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011) (finding that "because all defendants share a mutuality of interest with respect to the validity of the foreclosure judgment, the first element of the claim preclusion test is met")). Privity does not require "an exact identity of parties;" rather, "'[t]wo parties can be said to be in privity when the interests of one party are so identified with the interests of another that representation by one party is representation of the other's legal right.'" *Williams v. Romarm S.A.*, 116 F. Supp. 3d 631, 638 (D. Md. 2015) (quoting *Universal Furniture Int'l, Inc. v. Frankel*, 538 F. App'x 267, 270–71 (4th Cir. 2013)), *reconsideration denied*, No. TDC-14-3124, 2016 WL 4548102 (D. Md. Feb. 19, 2016); *accord FWB Bank v. Richman*, 354 Md. 472, 498 (1999) ("Privity for *res judicata* purposes involves a person so identified in interest with another that he represents the same legal right." (quoting *In re Matter of Wilcher*, 56 B.R. 428, 438 (Bankr. N.D. Ill. 1985))).

In the State Foreclosure Action, Ditech, as the initial holder of the Note and the subsequent holder, US Bank, are in privity with the substitute trustees, BWW, who brought the foreclosure proceedings on the lenders' behalf. *See* Affidavit of Dale Young, ECF No. 1-6 at 3; Letter from Loan Servicer, ECF No. 1-3 at 2 (As of October 7, 2016, US Bank was the current creditor "as Indenture Trustee of the GMACM Home Equity loan Trust 2006-HE4."); *cf. Gaston v. PNC Bank, Nat. Ass'n*, No. PWG-12-2343, 2013 WL 140927, at *3 (D. Md. Jan. 10, 2013) (finding trustees, who filed suit on behalf of noteholder's predecessor-in-interest, are in privity with the noteholder). Also in the State Foreclosure Action, Ocwen was the loan servicer and therefore in privity with the foreclosure plaintiffs, BWW. *See Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 644 (4th Cir. 2011) (finding privity where the sole party that prosecuted the foreclosure action on behalf of the loan servicer and noteholder was the party to the federal action).

In this action, Young is the plaintiff, and Ditech, US Bank, BWW, and Ocwen are Defendants. *See* Complaint ECF No. 1. Because all Defendants share a mutuality of interest with respect to the validity of the foreclosure judgment, the first element of the *res judicata* test is met. *See Prudencio*, 2016 WL 6947016, at *2 (citing *Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011)); *Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000) ("Although the actual parties to the foreclosure action are not the same in both suits, those who were substituted are in privity with those named in the original suit." (citing *FWB Bank*, 354 Md. at 498)), *aff'd*, 229 F.3d 1141 (4th Cir. 2000).

As to the second prong, Maryland uses the transaction test to determine whether the claims in this case are identical to those in the prior proceeding. *See Kent Cty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 238 (Md. 1987). "Under the transaction test, a 'claim' includes all

rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose." *Boyd v. Bowen*, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (citing *FWB Bank*, 354 Md. at 493). Notably, *res judicata* bars not only claims actually brought in the original litigation, but also claims that could have been brought in the same action. *Id.* (citing *Gertz v. Anne Arundel Cnty.*, 661 A.2d 1157, 1161 (Md. 1995)).

In this case, the State Foreclosure Action involves the same Note and Deed of Trust on the Property, and Plaintiff's motion to dismiss the foreclosure proceeding in state court was grounded in almost identical nucleus of facts that support his claims here. *Compare* ECF No. 1, *with* Motion to Dismiss filed in State Foreclosure Action, ECF No. 29-1. In both actions, Plaintiff alleges the chain of title for the Deed of Trust is broken and the trustees lacked standing to pursue the foreclosure. Further, Plaintiff sought the same relief in state court that he seeks in this case—to stop his foreclosure. Plaintiff's present claims, therefore, all could have been raised in the foreclosure action. *See Prudencio*, 2016 WL 6947016, at *3 (concluding this element was satisfied because "all of Plaintiffs' present claims" of violations of the FDCPA, RESPA, and RICO; negligence; breach of fiduciary duties; fraud and misrepresentation; civil conspiracy; and intentional infliction of emotional distress "could have been raised in the foreclosure action"); *Bullock v. Ocwen Loan Servicing, LLC*, No. PJM-14-3836, 2015 WL 5008773, at *5 (D. Md. Aug. 20, 2015) (finding that plaintiff's FDCPA and RESPA "statutory claims [we]re premised on [plaintiff's] contention that the Defendants lacked the legal authority to enforce the note and deed of trust" and therefore "the statutory claims ar[o]se out of the same series of transactions" as the state foreclosure action and were barred under *res judicata*); *Pitkin v. Ocwen Fin. Corp.*, No. 12-00573-AW, 2012 WL 5986480, at *3 (D. Md. Nov. 27, 2012) (dismissing plaintiff's

RICO claim under the doctrine of *res judicata*, as the "claim arose out of the same series of transactions as the claims in the state [foreclosure] proceeding"); *McCreary v. Benificial Mortg. Co. of Maryland*, No. AW-11-CV-01674, 2011 WL 4985437, at *4 (D. Md. Oct. 18, 2011) (dismissing on *res judicata* grounds plaintiff's common law claims, *inter alia*, for fraud, fraudulent misrepresentation, intentional infliction of emotional distress, and gross negligence because "Plaintiff had a fair opportunity to present claims against Defendants during the prior foreclosure proceedings"). Thus, the second prong is satisfied.

"With regard to the [third] element, 'final judgment' includes any prior adjudication of an issue in another action *that is determined to be sufficiently firm to be accorded conclusive effect*," based on factors such as whether the parties were heard on the issue and whether the decision was appealable. *Graves v. OneWest Bank, FSB*, No. PWG-14-1995, 2015 WL 2452418, at *5 (D. Md. May 20, 2015) (quoting *Morgan v. Morgan*, 68 Md. App. 85, 92 (Md. Ct. Spec. App. 1986) (quoting Rest. 2d (Judgments) § 13 (emphasis in *Morgan*)) (internal quotation marks omitted). "In a foreclosure proceeding, . . . if the defendant indeed does challenge the right to sell prior to the sale and the court actually determines that right after a proper hearing, that issue cannot be relitigated in a subsequent phase of the action." *Id.* (quoting *Morgan*, 68 Md. App. at 92). The Circuit Court's ratification order constitutes a final judgment for *res judicata* purposes. *See McCreary*, 2011 WL 4985437, at *3. Accordingly, the third and final prong is satisfied, and Plaintiff's claims in this case against US Bank, Ditech, BWW, and Ocwen are barred under the doctrine of *res judicata*.

### 2. Mark Runkel and P.W. Parker

Plaintiff also brings claims for violations of RICO and the FDCPA, fraud, unjust enrichment, insurance fraud, breach of contract, bad faith, and negligent misrepresentation

against Mark Runkel, Executive Vice President and Chief Credit Officer, and P.W. Parker, Vice Chairman, as the "executives that set policy and plan and implement the management of mortgage backed securities held and managed by US BANK." Complaint, ECF No. 1 at 21. Plaintiff's claims against the individual defendants rest on the theory that securitization of the loan resulted in the mortgage being paid off via an unknown mortgage insurer and, therefore, defendants are barred from foreclosing on the Property so as to avoid double recovery. *See* Complaint, ECF No. 1 at 4, 14–15. But it is well-established in this Court and others that "[a]s a matter of law, securitization alone does not render a note or deed of trust unenforceable and does not alter a borrower's obligation to pay back his or her loan." *Howes v. Wells Fargo Bank, N.A.*, No. ELH-14-2814, 2015 WL 5836924, at *26 (D. Md. Sept. 30, 2015) (internal quotation marks omitted) (citing cases). "[S]ecuritization merely creates a separate contract, distinct from [Plaintiff's] debt obligations under the note and does not change the relationship of the parties in any way." *Reyes v. GMAC Mortgage LLC*, No. 2:11-CV-100 JCM RJJ, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011) (citations and internal quotation marks omitted). It is "not some sort of illicit scheme that taints the underlying debt." *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749 (6th Cir. 2014). Therefore, as a matter of law, the securitization process cannot have harmed Plaintiff. Furthermore, Plaintiff lacks standing to challenge the propriety of the mortgage assignments involved in securitization. *See, e.g.*, *Henry v. Aurora Loan Servs.*, LLC, No. TDC-14-1344, 2016 WL 1248672, at *3 (D. Md. Mar. 25, 2016). Accordingly, the claims against Runkel and Parker are dismissed.

### C. Plaintiff's Request for Declaratory and Injunctive Relief and a Temporary Restraining Order

Finally, Plaintiff has not demonstrated that he is entitled to declaratory or injunctive relief. A court cannot issue a declaratory judgment under the Declaratory Judgment Act, 28

U.S.C. §§ 2201–02 (2012), or an injunction under Federal Rule of Civil Procedure 65 unless an independent valid cause of action survives challenge. *Univ. Gardens Apartments Joint Venture v. Johnson*, 419 F. Supp. 2d 733, 742 (D. Md. 2006). Moreover, granting a TRO or an injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Hospira, Inc. v. Burwell*, No. GJH-14-02662, 2014 WL 4182398, at *3 (D. Md. Aug. 19, 2014) (quoting *Dewhurst v. Cty. Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011)). Plaintiff "must establish that he is likely to succeed on the merits [of his claims], that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Recs. Def. Council*, 555 U.S. 7, 20 (2008).[4] The standard for a permanent injunction is "essentially the same" as for a preliminary injunction, "with the exception that the plaintiff must show . . . actual success [on the merits]" when seeking a permanent injunction. *Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). The Court must separately consider each of the above-enumerated factors, *Pashby v. Delia*, 709 F.3d 307, 321 (4th Cir. 2013), and the "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction," *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (quotations omitted).

Here, Plaintiff has failed to make a showing of likelihood of success on the merits, and certainly has not made a showing of actual success, as he has not alleged facts sufficient to survive a motion to dismiss. *See Winter*, 555 U.S. at 20. Nor has Plaintiff demonstrated how he will be irreparably harmed if the Court denies his requested relief—to stop foreclosure—because foreclosure has already occurred. Finally Plaintiff has failed to marshal any evidence

---

[4] The standard for granting either a TRO or a preliminary injunction is the same. *See Sarsour v. Trump*, No. 117CV00120AJTIDD, 2017 WL 1113305, at *4 (E.D. Va. Mar. 24, 2017) (quoting *Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D. VA. 2006)).

that enjoining foreclosure is equitable or in the public's interest. *Id.*; *see also English v. Ryland Mortg. Co.*, No. GJH-16-03675, 2016 WL 6820365, at *3 n.2 (D. Md. Nov. 16, 2016) (discussing denial of plaintiff's Petition for Temporary Restraining Order). Instead, Plaintiff "makes sweeping claims of general illegality on the part of Defendants" using a form complaint which has been summarily dismissed in previous cases. *See English*, 2016 WL 6820365, at *3. Plaintiff, therefore, is not entitled to a temporary restraining order or injunctive relief.

Declaratory relief is also inappropriate as the Complaint fails to set forth facts establishing plausible grounds for such relief. Seeking a declaratory judgment does not eliminate Plaintiff's obligation to state a claim upon which such relief may granted. *See Harte-Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech. Fin. Grp., Inc.*, 299 F. Supp. 2d 505, 528 (D. Md. 2004) (citing *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 993 (D. Md. 2002)). Because the Court finds that Plaintiff's claims against the corporate Defendants are barred by *res judicata*, Plaintiff's request for a declaration that the "mortgage loan . . . is therefore null, void, [and] legally unenforceable" and "Defendants, especially US BANK, DITECH FINANCIAL, LLC, and OCWEN LOAN SERVICING, LLC . . . cease and desist any and all actions to evict the Plaintiff[ ] from the subject property," must be denied. Complaint, ECF No. 1 at 55, 57.

Moreover, declaratory judgments are untimely if the questionable conduct has already occurred or damages have already accrued. *See The Hipage Co. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 615 (E.D. Va. 2008). On December 12, 2016, the circuit court ratified the sale of the Property, *see* ECF No. 29-3; thus, any harm that Plaintiff suffered as a result of the allegedly deficient foreclosure has already occurred. Declaratory judgment at this stage is simply inappropriate.

## IV. CONCLUSION

For the forgoing reasons, Defendants' motions to dismiss will be granted pursuant to Fed. R. Civ. P. 12(b)(6). A separate order will follow.


7/19/2017                                                          /S/
Date                                                                Paula Xinis
                                                                    United States District Judge